## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02171-BNB

RANDY KAILEY,

    Plaintiff,

v.

BILL RITTER, JR., et al.,

    Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 2 2010

GREGORY C. LANGHAM
CLERK

_____

## ORDER DIRECTING PLAINTIFF TO FILE
## AN AMENDED COMPLAINT

Plaintiff, Randy Kailey, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Kailey, acting *pro se*, has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983, alleging that his rights under the United States Constitution have been violated. The Court must construe the Complaint liberally because Mr. Kailey is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Kailey will be ordered to file an Amended Complaint.

The Court finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if

proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater*

*Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480

(10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these

purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062,

1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a)

provides that a complaint "must contain: (1) a short and plain statement of the grounds

for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that

the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The

philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach

allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1)

underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Prolix pleadings violate the requirements of Rule 8.

Mr. Kailey fails to set forth a short and plain statement of his claims showing that

he is entitled to relief. Mr. Kailey has named 164 defendants in the 129-page

Complaint, and he has presented his claims in a narrative chronological

format, rather than asserting the claims in a short and concise statement. The

Complaint covers the entire time that Mr. Kailey has been incarcerated and many

different incidents that took place at eight different prison facilities. The Court,

therefore, will direct Mr. Kailey to file an Amended Complaint that complies with the

pleading requirements of Rule 8. Mr. Kailey is reminded that it is his responsibility to

present his claims in a manageable format that allows the Court and Defendants to

know what claims are being asserted and to be able to respond to those claims.

Mr. Kailey further is instructed that "to state a claim in federal court, a complaint

2

must explain what each defendant did to him [   ]; when the defendant did it; how the

defendant's action harmed him [   ]; and, what specific legal right the plaintiff believes

the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158,

1163 (10th Cir. 2007).

The Court also finds that the Complaint improperly combines a number of

separate and unrelated claims against various defendants into one action.  Pursuant to

Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may

join, as independent or alternative claims, as many claims as it has against an opposing

party."  However, the issue of whether multiple defendants may be joined in a single

action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which

provides:

> (2) ***Defendants***.  Persons . . . may be joined in one action as
> defendants if:
>
> (A) any right to relief is asserted against them jointly,
> severally, or in the alternative with respect to or arising out of
> the same transaction, occurrence, or series of transactions
> or occurrences; and
>
> (B) any question of law or fact common to all defendants will
> arise in the action.

Fed. R. Civ. P. 20(a).

Although Mr. Kailey identifies only eleven claims, in each claim he has multiple

subclaims.  Overall, Mr. Kailey asserts eighty-two claims. The eighty-two claims involve

the alleged actions of various defendants and raise a wide range of issues.  Requiring

adherence in prisoner suits to the federal rules regarding joinder of parties and claims

prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."

3

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  However, "[m]isjoinder of parties is not a ground for dismissing an action."  Fed. R. Civ. P. 21.  The Court may dismiss improper parties.  *See id.*  Nonetheless, the Court will refrain from dismissing improper parties at this time because Mr. Kailey must determine which claims he desires to pursue in this action.  Mr. Kailey, therefore, is instructed to amend his Complaint in keeping with the joinder requirements of the Federal Rules of Civil Procedure. Accordingly, it is

ORDERED that Mr. Kailey file an Amended Complaint as instructed above, **within thirty days from the date of this Order**.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Kailey, together with a copy of this Order, two copies of the Court-approved form used in filing prisoner complaints.  It is

FURTHER ORDERED that if Mr. Kailey fails to properly amend the Complaint, **within thirty days from the date of this Order**, the Complaint and action shall be subject to dismissal without further notice.  It is

FURTHER ORDERED that the Clerk of the Court send to Mr. Kailey the Complaint that he originally submitted to the Court in Document No. 3, including only the sixty-two page filing (the Main Document) and the sixty-seven page Attachment No. 1 (the Continuation of the Main Document).  It is

FURTHER ORDERED that Mr. Kailey's objection set forth in Document No. 13 is denied as moot.

DATED November 2, 2010, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-02171-BNB

Randy Kailey
Prisoner No. 50247
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed **a copy of the ORDER, a copy of Document
No. 3 (Main Document and Continuation of Main Document only), and two copies
of the Prisoner Complaint** to the above-named individuals on ⎯⎯11 2 10⎯⎯

GREGORY C. LANGHAM, CLERK

By: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                Deputy Clerk