IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 10-cv-02171-BNB

FEB 1 0 2011

GREGORY C. LANGHAM
CLERK

RANDY KAILEY,

Plaintiff,

v.

BILL RITTER, JR., Governor of Colorado, In his Individual and Official Capacity,
CAROL CHAMBERS, Arapahoe County, Colorado, District Attorney, In her Individual
    and Official Capacity,
JOHN DOE 1, Assistant Arapahoe County, Colorado, District Attorney, In his Individual
    and Official Capacity,
COLORADO DEPARTMENT OF CORRECTIONS (CDOC), A State Entity, In its
    Individual and Official Capacity,
ARISTEDES ZAVARAS, Executive Director for the Colorado State Department of
    Corrections, In his Individual and Official Capacity,
BILL ZALLMAN, Director of Offender Services for the Colorado State Department of
    Corrections, In his Individual and Official Capacity,
HARRISON WELTON, Inspector General for the Colorado State Department of
    Corrections, In his Individual and Official Capacity, and
DENNIS HOUGHNON, Criminal Investigator for the Colorado State Department of
    Corrections, In his Individual and Official Capacity,

Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Randy Kailey, is in the custody of the Colorado Department of

Corrections (DOC) and currently is incarcerated at the Correctional Facility in Sterling,

Colorado.  On August 24, 2010, Mr. Kailey submitted to the Court a Prisoner Complaint

asserting violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  The

Complaint was more than 120 pages long, asserted 82 claims, and named 153

defendants.  Magistrate Judge Boyd N. Boland reviewed the Complaint and entered an

order on November 2, 2010, instructing Mr. Kailey to amend the Complaint to comply

with Fed. R. Civ. P. 8, the joinder requirements of the Federal Rules of Civil Procedure,

and with *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.

2007).  Mr. Kailey sought reconsideration of the November 2 Order, which Magistrate

Judge Craig B. Shaffer denied.  Mr. Kailey filed an Amended Complaint on January 21,

2011.  Mr. Kailey also filed a Motion for Severance along with three new complaints.

The Motion for Severance was denied and three new actions were initiated to address

each of the three new complaints.

The Court must construe the Amended Complaint liberally because Mr. Kailey is

a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If a complaint reasonably can be read

"to state a valid claim on which the plaintiff could prevail, [a court] should do so despite

the plaintiff's failure to cite proper legal authority, his confusion of various legal theories,

his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements."  *Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se*

litigant's advocate.  *See id.*  For the reasons stated below, the Complaint and the action

will be dismissed for failure to comply with Magistrate Judge Boland's November 2

Order.

Mr. Kailey's Amended Complaint addresses alleged attacks against him by other

prisoners that took place from July 1998 through July 2009.  Mr. Kailey contends that

the attacks occurred because of the testimony he gave against two other prisoners,

which resulted in the conviction of at least one of the other prisoners in 1993 for first

degree murder.  Mr. Kailey further contends that Defendants have failed to protect him

from the assaults.

First, a named defendant may not be held liable merely because of his or her

supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, (1986);

2

*McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. **See Dodds v. Richardson, et al.** ,614 F.3d 1185, 1213 (10th Cir. 2010) (Tymkovich, J., concurring). In Section "A. Parties" of the Complaint form, Mr. Kailey states that each of the named Defendants are responsible either for the overall administration of laws of this state, the day-to-day prosecution of criminal offenders, the protection of criminal offenders sentenced to the DOC, or for the investigation of criminal offenses committed by offenders who are confined in the DOC. Defendants Bill Ritter, Aristedes Zavaras, and Harrison Welton did not violate Mr. Kailey's constitutional rights based on their supervisory position or because they are responsible for administering state laws and the operations of the DOC, including the protection of prisoners.

In Section "D. Cause of Action" of the Complaint form, Mr. Kailey does not state specifically what each defendant did to violate his constitutional rights but states in general terms that "Defendants" (1) rebuffed his concerns about his safety as a result of his testifying in 1993; (2) failed or refused to take action against other prisoners for provoking an assault on him; (3) took no action to protect him from other unprovoked assaults; (4) transferred him to different facilities where no actions were taken to protect him; (5) allowed a gang member to enter an unauthorized living unit pod where he was able to access Mr. Kailey's cell to attack him; (6) delayed his move to another living unit in July 2009; (7) required him to report to work even though his life was in danger; and (8) encouraged the attacks by other prisoners.

A complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Where its allegations "are merely consistent with a defendant's liability, it stops short of the line

between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, --- U.S. --
-, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). Here, Mr. Kailey does not

assert that Defendants Ritter, Zavaras, and Welton had "actual knowledge" of the

attacks or staff's failure to protect him, that they ordered subordinates to ignore the

attacks, or that they learned of the conduct and ignored the attacks. *Dodds*, 614 F.3d

at 1211. Mr. Kailey also does not assert that Defendants Ritter, Zavaras, or Welton

have established or utilized an unconstitutional policy or custom that caused the

violation of his constitutional rights. *Id.* Nothing Mr. Kailey asserts identifies how

Defendants Ritter, Zavaras, and Welton were individually responsible for the attacks by

other prisoners or how they acted in concert, as he states in Claim Two, to cause the

attacks or to fail to protect him from future attacks. Mr. Kailey does not set forth in any

of his assertions that he complained or contacted the named Defendants and that they

were aware of his situation. Mr. Kailey, therefore, fails to assert what Defendants Ritter,

Zavaras, and Welton did to him to violate his constitutional rights under *Nasious v. Two*

*Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Kailey also fails

to state a proper claim for relief under Fed. R. Civ. P. 8 as described under *Iqbal*.

Claims against Defendant Department of Corrections are barred by the Eleventh

Amendment. *See Will v. Michigan Dep' t of State Police*, 491 U.S. 58, 66 (1989). "It

is well established that absent an unmistakable waiver by the state of its Eleventh

Amendment immunity, or an unmistakable abrogation of such immunity by Congress,

the amendment provides absolute immunity from suit in federal courts for states and

their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th

Cir. 1994). Therefore, Defendant Department of Corrections is an improper party to this

action.

The conduct of Defendants Carol Chambers and John Doe 1 in prosecutorial activities is immune from suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Plaintiff's allegations regarding (1) his testimony for the prosecution against another prisoner; (2) the cross-examination he was subjected to at the trial; and (3) the published opinion by the Colorado Supreme Court that referred to his law enforcement background, the reason he was convicted, and his involvement in the conviction of another prisoner, involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991).

With respect to Mr. Kailey's claim that he was the only prosecution witness that was placed in general population by Defendant Houghnon and Defendant Doe 1 after the trials and was subject to attacks by other prisoners, Mr. Kailey's first described attack took place in July 1998 (Am. Compl. at 4), five years after he testified in 1993 and was returned to the Limon Correctional Facility. The Court finds no relation between his return to the Limon Correctional Facility allegedly directed by Defendants Houghnon and Doe 1 in 1993 and the attack that took place in 1998. The Court also notes that this is not the first action Mr. Kailey has filed challenging his DOC placement after his testifying took place. In *Kailey v. Gallagher, et al.*, No. 94-cv-00500-LTB-DEA (D. Colo. June 10, 1994) (unpublished), Mr. Kiley claimed that as a result of his testimony at trial in 1993 he was labeled a snitch, received death threats, and was placed in protective segregation. In Case No. 94-cv-00500-LTB-DEA, this Court found that DOC personnel had taken proper steps to reduce threats against Mr. Kailey and that in 1993

5

Mr. Kailey, aware of the threats, signed a waiver of protective custody. *Kailey*, No. 94-cv-00500-LTB-DEA at Doc. No. 4.

Mr. Kailey fails to assert in this case that Defendant Houghnon knew or should have known of Mr. Kailey's situation but failed to conduct an investigation of offenses by other prisoners against Mr. Kailey, causing the continued alleged attacks against him. Nonetheless, even if Mr. Kailey's placement at the Limon Correctional Facility violated his constitutional rights, the claim is barred by the statute of limitations, as are the majority of Mr. Kailey's claims. Nonetheless, the Court will dismiss the action for failure to comply with the November 2 Order directing Mr. Kailey to file an Amended Complaint that complies with Fed. R. Civ. P. 8 and *Nasious*. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the November 2, 2010 Order and for failure to prosecute.

DATED at Denver, Colorado, this __10th__ day of ___February___, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02171-BNB

Randy Kailey
Prisoner No.  50247
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

      I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 10, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
             Deputy Clerk